OPINION
{¶ 1} Defendant-appellant, Robert A. Sykes, appeals the March 17, 2004 judgment entry of the Franklin County Court of Common Pleas, finding him guilty of theft, a felony of the fifth degree, receiving stolen property, a felony of the fifth degree, and possession of criminal tools, a felony of the fifth degree. Appellant also appeals his sentence of two consecutive 12-month terms of incarceration, the first for the merged counts for the theft and receiving stolen property, the second for the possession of criminal tools count. For the reasons that follow, we reverse and remand the matter for resentencing.
 {¶ 2} On October 8, 2003, police were informed that two men were looking into parked cars in an alley north of 13th Avenue and east of Summit Street. (Tr. 46, 48.) When a plainclothes police officer appeared on the scene, he saw a man fitting part of the description, later identified as appellant, speaking to residents on the front porch of 224 East 13th Avenue. (Tr. 49-50.) The resident handed appellant something, whereupon appellant joined another man and walked westbound on 13th Avenue. (Tr. 51, 79.) After following the two men into an alley, the plainclothes officer observed appellant talking with residents at another apartment, and the officer deduced that appellant was diverting the residents' attention while the other man broke into a nearby car. (Tr. 55-56, 71, 80, 91.) After radioing patrol officers to alert them to the situation, the officer observed the other man hand appellant something, which turned out to be a case of compact discs. (Tr. 57, 59-60.) The police apprehended appellant and the other man near the corner of 13th Avenue and Summit Street. (Tr. 58.)
 {¶ 3} On January 23, 2002, appellant's case was tried by a jury which returned a verdict finding him guilty on all three counts. On March 12, 2004, a sentencing hearing was held pursuant to R.C. 2929.19. The trial court sentenced appellant and ordered the sentences to run consecutively.
 {¶ 4} Appellant filed a timely appeal, raising the following assignments of error:
I. The failures of Appellant's trial counsel constituted ineffective assistance, thereby depriving Appellant of his rights as guaranteed by the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
II. The trial court erred and thereby deprived Appellant of due process of law as guaranteed by the comparable provisions of the Ohio Constitution by overruling Appellant's Crim. R. 29 Motion for Acquittal under the Fourteenth Amendment to the U.S. Constitution and the Ohio Constitution, as the verdict for the charge of theft and receiving stolen property were against the manifest weight of the evidence.
III. The trial court abused its discretion by imposing consecutive sentences as such a sentence is contrary to law and is not supported by the record.
 {¶ 5} In order to prevail on his claim of ineffective assistance of counsel under Strickland v. Washington (1984),466 U.S. 668, 686, 104 S.Ct. 2052, appellant must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." State v. Reynolds (1998), 80 Ohio St.3d 670, 674. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, at 686. Thus, a two-part test is necessary to examine such claims. First, appellant must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably.State v. Keith (1997), 79 Ohio St.3d 514, 534. Second, appellant must show that but for the counsel's errors, there is a reasonable probability that the results of the trial would be different. Id.
 {¶ 6} The burden of showing ineffective assistance of counsel is on the defendant. State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance.State v. Carter (1995), 72 Ohio St.3d 545, 558 ("Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel"); State v. Carpenter
(1996), 116 Ohio App.3d 615, 626 (court of appeals is to "presume that a broad range of choices, perhaps even disastrous ones, are made on the basis of tactical decisions and do not constitute ineffective assistance").
 {¶ 7} In his first assignment of error, appellant contends that his defense counsel's performance was deficient because counsel (1) failed to provide appellant with discovery prior to trial; (2) failed to meet with appellant and prepare for trial; (3) failed to ask for Crim.R. 16(B)(1)(g) material on any witness; and (4) repeatedly failed to object to irrelevant and inadmissible testimony from Officer Chapman about witnesses not called by the state. After reviewing the record, we find that counsel's performance was not ineffective to warrant appellant a new trial. Appellant's counsel did provide discovery both prior to the trial and on the day of the trial, and counsel did meet with appellant. (Tr. 5-6, 12.) Although appellant may be disappointed with the amount of time spent with counsel, evidence is insufficient for a finding that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."Strickland, at 686. Further, appellant's assertion that counsel failed to ask for Crim.R. 16(B)(1)(g) material on any witness also fails to meet the standard required for a finding of ineffective assistance of counsel. Strategic decisions, even unsuccessful ones, do not, in general, constitute ineffective assistance of counsel. State v. Carter (1995),72 Ohio St.3d 545, at 558. Finally, appellant's claim that counsel's failure to object to Officer Chapman's testimony also falls within the strategic decisions counsel must make during trial. Carpenter,
supra. Appellant's first assignment of error is not well-taken.
 {¶ 8} In his second assignment of error, appellant contends that the trial court erred by overruling appellant's Crim.R. 29 motion for acquittal because the verdict was against the manifest weight of the evidence. Crim.R. 29(A) provides as follows:
The court * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
 {¶ 9} When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, a reviewing court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v.Thompson (1998), 127 Ohio App.3d 511, 525.
 {¶ 10} The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the verdict is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 11} The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
 {¶ 12} In this case, while viewing evidence in a light most favorable to the prosecution, there is sufficient evidence for any rational trier of fact to have found the essential elements of the crimes proven beyond a reasonable doubt. Appellant was observed in the area before and after the theft, appellant, in the company of his co-defendant, walked up to a witness and asked for a screwdriver, and appellant was caught by the police while in possession of the stolen property. Appellant contends that the evidence is insufficient because appellant was out of sight during the actual theft. However, a jury can infer from the testimony of the police officer and appellant's possession of the stolen property that appellant was complicit in the crime. The jury had sufficient evidence to conclude beyond a reasonable doubt that appellant was guilty.
 {¶ 13} As discussed above, we find the evidence sufficient to support the conviction. The trial court did not err in denying appellant's Crim.R. 29 motions. Appellant's second assignment of error is not well-taken.
 {¶ 14} In his third assignment of error, appellant alleges that the trial court abused its discretion by imposing consecutive sentences on the convictions without a showing that the offenses were so great or unusual that multiple prison terms were necessary to reflect the seriousness of appellant's conduct.
 {¶ 15} R.C. 2929.14(E)(4) provides as follows:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 16} Additionally, R.C. 2929.19(B)(2)(c) sets forth the procedure that the trial court must follow when imposing consecutive sentences on a defendant. R.C. 2929.19(B)(2)(c) mandates that the trial court make a finding that gives reasons for imposing consecutive sentences. State v. Hurst (Nov. 8, 2001), Franklin App. No. 01AP-77.
 {¶ 17} In order to determine if the trial court made the required statutory findings and explanations, we review the record of the March 12, 2004 sentencing hearing and the March 17, 2004 judgment entry.
 {¶ 18} Before imposing sentence, the trial court reviewed appellant's lengthy criminal record, including convictions as well as probation and parole violations. (Tr. 274-275.) The court noted that appellant was a "danger to the community" based on his prior record and his failure to change, and noted that, since 1989, appellant has been "either inside of the penitentiary or * * * outside taking people's property." (Tr. 275.) In addition, the court noted that to "give anything other than the maximum and consecutive sentence would demean the seriousness" of the offense. Id. However, the court failed to indicate that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and that the sentences were necessary to protect the public from future crime by appellant, as required by Ohio law. In addition, in the judgment entry, no findings were made, neither with regard to the seriousness of appellant's conduct nor to the necessity of the consecutive sentences, for the protection of the public. Therefore, appellant's third assignment of error is well-taken. This matter shall be remanded for re-sentencing.
 {¶ 19} For the foregoing reasons, appellant's first and second assignments of error are overruled, and his third assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; causeremanded.
Petree and French, JJ., concur.